UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

**PEDRO PEREZ, on behalf
of himself and others similarly
situated,**

CLASS ACTION
COMPLAINT

**Plaintiff,**

FLSA COLLECTIVE
ACTION

**-against-**

**CAFE BUON GUSTO CORP. and
SAFI-G, INC. d/b/a CAFFE BUON
GUSTO and NASSER GHORCHIAN
and NICHOLAS MORMANDO,
individually,**

**Defendants.**

----------------------------------------------------------------------------X

Plaintiff Pedro Perez ("Plaintiff"), on behalf of himself and others similarly situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer and Vincent Bauer of the Law Offices of Vincent E. Bauer, complaining of Cafe Buon Gusto Corp. and Safi-G Inc. d/b/a Caffe Buon Gusto and Nasser Ghorchian ("Ghorchian") and Nicholas Mormando ("Mormando"), (collectively herein "Defendants"), allege the following:

## NATURE OF THE ACTION

1. This is a class action brought on behalf of Plaintiff and all similarly situated dishwashers, bussers, prep cooks, cooks, and deliverymen ("Laborers") to recover unpaid minimum wages, spread of hours and overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff and the collective and Rule 23 class worked (or currently work) at two restaurants owned and operated by Defendants.

3. Caffe Buon Gusto's two restaurants are located at 236 E 77th Street, New York, NY 10075 and 151 Montague St, Brooklyn, NY 11201 ("The Caffe Buon Gusto Restaurants").

4. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers (the "FLSA Collective Class") who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA perpetrated by Defendants, who own and operate The Caffe Buon Gusto Restaurants and employ the Laborers.

5. Plaintiff also brings this action under the NYLL to obtain unpaid overtime and unpaid minimum wages for Defendants' failure to pay proper wages in violation of said state laws. Plaintiff seeks to certify a class under Rule 23 on behalf of those Laborers who were not paid overtime and unpaid minimum wages (Rule 23 Class).

6. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§195 (1) and (3). Plaintiff seeks to certify a class under Rule 23 on behalf of those Laborers who were not provided the correct written notices under NYLL §195 (Rule 23 Class).

7. Plaintiff and the FLSA collective class and the Rule 23 Class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay minimum wages, spread of hours, overtime wages, notice damages and liquidated damages, compensatory damages, pre-judgment and post-

judgment interest, and attorneys' fees and costs, pursuant to the FLSA and the NYLL.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

9. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff and the Putative Class

11. Plaintiff and others members of the putative class are former and current Laborers at The Caffe Buon Gusto Restaurants.

12. Plaintiff Pedro Perez is an adult individual currently residing in Kings County, New York.

13. From approximately January 1996 through June 2019, Perez worked at The Caffe Buon Gusto Restaurants.

14. Perez worked as a dishwasher, food prep and deliveryman at The Caffe Buon Gusto Restaurants' Brooklyn location.

15. Perez is a covered employee within the meaning of the FLSA and the NYLL.

### Corporate Defendants

16. Defendant Cafe Buon Gusto Corp. is a domestic limited liability company in the restaurant industry.

17. Upon information and belief, Cafe Buon Gusto Corp. maintains its principal place of business at 236 E 77th Street, New York, NY 10075.

18. Defendant Safi-G, Inc. is a domestic limited liability company in the restaurant industry.

19. Upon information and belief, Safi-G, Inc. maintains its principal place of business at 236 E 77th Street, New York, NY 10075.

20. Upon information and belief, Safi-G, Inc. and Cafe Buon Gusto Corp. (collectively the "Corporate Defendants") jointly operate The Caffe Buon Gusto Restaurants.

21. At all times relevant to this action, The Caffe Buon Gusto Restaurants were an "enterprise engaged in interstate commerce" within the meaning of the FLSA. The Caffe Buon Gusto Restaurants have (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

### Defendant Nasser Ghorchian

22. On information and belief, Defendant Nasser "Nando" Ghorchian owns and/or maintains control, oversight and direction of The Caffe Buon Gusto Restaurants.

23. Defendant Ghorchian is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of The Caffe Buon Gusto Restaurants.

24. On information and belief, Defendant Ghorchian is the owner of The Caffe Buon Gusto Restaurants.

25. Defendant Ghorchian exercises sufficient control over The Caffe Buon Gusto Restaurants to be considered Plaintiff's employer under the NYLL, and at all times material hereto Defendant Ghorchian had the authority to hire and fire employees and established and maintained policies regarding the pay practices at The Caffe Buon Gusto Restaurants.

26. Defendant Ghorchian had substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

**Defendant Nicholas Mormando**

27. On information and belief, Defendant Nicholas Mormando owns and/or maintains control, oversight and direction of The Caffe Buon Gusto Restaurants.

28. Defendant Mormando is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of The Caffe Buon Gusto Restaurants.

29. On information and belief, Defendant Mormando is the Chief Executive Officer and Registered Agent of The Caffe Buon Gusto Restaurants.

30. Defendant Mormando exercises sufficient control over The Caffe Buon Gusto Restaurants to be considered Plaintiff's employer under the NYLL, and at all times material hereto Defendant Mormando had the authority to hire and fire employees and established and maintained policies regarding the pay practices at The Caffe Buon Gusto Restaurants.

31. Defendant Mormando had substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

## FACTS

**The Caffe Buon Gusto**

32. Upon information and belief, since at least 1988 Defendants have operated The Caffe Buon Gusto Restaurants.

33. Upon information and belief, Ghorchian and Mormando jointly determine the hours and wages of the staff at The Caffe Buon Gusto Restaurants.

**Prior Wage and Hour Lawsuits Against The Caffe Buon Gusto**

34. The Caffe Buon Gusto Restaurants have been the subject of several prior wage and hour lawsuits in the Southern District of New York.

35. On November 1, 2011, Martin Raquer, a former deliveryman and cheese packer at The Caffe Buon Gusto Restaurants' Manhattan location, initiated a lawsuit in the Southern District against The Caffe Buon Gusto Restaurants and Nasser Ghorchian, alleging violations of the FLSA and NYLL (the "*Raquer Matter*").

36. The plaintiff in the *Raquer Matter* complaint alleged that he was paid a daily flat rate and was not informed that his hourly wage would be reduced by a tip allowance.

37. According to the complaint in the *Raquer Matter*, the plaintiff's wages were "well below the allowable minimum wage or tip-credit minimum wage."

38. The parties in the *Raquer Matter* reached a settlement in principle in or around December 2012.

39. On September 16, 2013, Miguel Angel Gomez, a former busboy and deliveryman at the The Caffe Buon Gusto Restaurants, initiated a lawsuit in the Southern District of New York against Nasser Ghorchian and BHRC Corp. d/b/a Caffe Buon Gusto, alleging violations of the FLSA and NYLL (the "*Gomez Matter*").

40. Gomez was employed at The Caffe Buon Gusto Restaurants' Brooklyn location as well as several other former locations that are now closed, including Avenue B Caffe Buon Gusto and West Broadway Caffe Buon Gusto.

41. The complaint in the *Gomez Matter* alleged that the plaintiff was not paid minimum wage or the proper overtime and spread of hours rates for all hours worked.

42. On June 3, 2014, United States Magistrate Judge Sarah Netburn approved the parties' settlement agreement and dismissed the case.

43. On June 10, 2014, Juan Maldonado Eslava, a former deliveryman and food prep at The Caffe Buon Gusto Restaurants' Manhattan location, initiated a lawsuit in the Southern District of New York against The Caffe Buon Gusto Restaurants and Nasser Ghorchian, alleging violations of the FLSA and NYLL (the "*Maldonado Matter*").

44. The complaint in the *Maldonado Matter* alleges that the plaintiff and other similarly situated employees were paid a fixed daily rate. The complaint further alleged that the plaintiff was not paid minimum wage or an overtime rate and that the defendants at The Caffe Buon Gusto Restaurants failed to provide accurate wage statements to the plaintiff.

45. Finally, the complaint also alleged that plaintiff Maldonado was obligated to perform substantial non-tipped kitchen work for which he was not compensated.

46. On May 13, 2015, the parties submitted a notice of settlement to the court that was subsequently granted by Judge Abrams.

47. On April 21, 2015, Kimberlyn Velasquez, a waitress at the The Caffe Buon Gusto Restaurants' Manhattan location, filed a complaint in the Southern District of New York against Nasser Ghorchian and Safi-G, Inc. d/b/a The Caffe Buon Gusto (the "*Velasquez Matter*").

48. The complaint in the *Velasquez Matter* alleged that the plaintiff was not compensated in compliance with federal and state minimum tipped wage law and was not paid the minimum wage, among other violations of the NYLL and the FLSA.

49. The parties in the *Velasquez Matter* reached a settlement agreement for $23,000.00 in or around October 2015 and the case was closed by Judge William H. Pauley III.

50. On November 10, 2015, Alvaro Yunda, a busboy, waiter, food runner and administrator at The Caffe Buon Gusto Restaurants' Manhattan location, filed a complaint against Nasser Ghorchian and Safi-G, Inc. (the "*Yunda Matter*").

51. The complaint in the *Yunda Matter* alleged that the named defendants "committed systemic and widespread violations" of NYLL and the FLSA by failing to pay plaintiff an overtime rate, spread of hours rate, and the proper minimum hourly wage.

52. On April 28, 2017, Magistrate Judge Henry Pitman approved a settlement agreement between Yunda and the defendants providing plaintiff Yunda $27,500.00 in compensation for his claims under the NYLL and the FLSA.

**Plaintiff Pedro Perez's Employment at Caffe Buon Gusto**

53. From approximately January 1996 until approximately June 2019, Perez worked at The Caffe Buon Gusto Restaurants without interruption.

54. Perez was employed primarily as a dishwasher at The Caffe Buon Gusto Restaurants' Brooklyn location.

55. Perez's responsibilities, though, in any given work shift also included salad and food preparation, and performing food deliveries in assistance to the designated deliverymen.

56. Perez was never required to "clock in" or "clock out" by Defendants.

57. Throughout Perez's employment he always worked over 40 hours per week.

58. Throughout Perez's employment with Defendants as a non-exempt employee, he was not paid overtime in compliance with the FLSA and NYLL.

59. Rather, Plaintiff was only paid for the first 40 hours he worked each week.

60. Defendants also did not provide Perez with an Annual Wage Notice in accordance with the NYLL.

61. Under the NYLL, employers are obligated to pay an extra hours' pay when employees work more than 10 hours a day.

62. Perez often worked more than 10 hours a day at The Caffe Buon Gusto Restaurants.

63. When Perez worked more than 10 hours a day, he was not paid an extra hour of pay.

64. By failing to pay Perez the extra hour of pay for when he worked 10 hours or more, Defendants violated the New York Spread of Hours law.

65. Defendants terminated Perez on or around June 13, 2019.

66. Despite over twenty years of service, Defendants did not provide Perez with any severance.

**Plaintiff Perez's Work Schedule and Salary**

67. In January 1996, Plaintiff Perez began working at The Caffe Buon Gusto Restaurants' Brooklyn location.

68. Throughout his employment, Perez worked 6 days per week at Defendants.

69. Throughout his employment at Defendants, Perez worked Monday through Saturday and had Sundays off.

70. For the majority of his employment, from January 1996 through January 2018, Perez worked from 8:00 AM until 6:00 PM daily.

71. Perez commonly worked additional hours when the restaurant was busy or his assistance was needed.

72. Starting in February 2018, Perez began to work extended hours on Saturdays in addition to his normal schedule.

73. On Saturdays starting in February 2018 until the end of his employment at Defendants, Perez worked an extended shift from approximately 8:00 AM until 10:00 PM.

74. The extended hours on Saturdays during 2018 and 2019 were spent doing deliveries for Defendants, prepping food and washing dishes.

75. During his employment, Perez was paid some weeks in cash and others weeks in check. On occasion, his salary was paid in a single week through a combination of cash and check.

76. Pursuant to this schedule, Perez worked at least 60 hours per week throughout his employment.

77. When Perez received payment by check, the checks were written by "BHRC CORP. DBA CAFFE BUON GUSTO," listing the Brooklyn location's address, or "SAFI-G INC," listing the Manhattan location's address.

78. As reflected in Plaintiff's checks, when Plaintiff was paid by check, Defendants did not take any withholdings.

79. When Plaintiff was paid, he did not receive a paystub that provided any reference to hours he worked or his rate of pay. Throughout his employment, Perez was paid a fixed weekly rate that only compensated him for the first 40 hours he worked.

80. From approximately 2013 through approximately January 2018 Perez was paid approximately $550 per workweek.

81. The $550 only represented the first 40 hours that Perez worked.

82. From approximately February 2018 through approximately December 2018, Perez was paid approximately $600 per workweek.

83. The $550 only represented the first 40 hours that Perez worked.

84. From approximately January 2019 until the end of his employment, Perez was paid approximately $700 per workweek.

85. The $700 only represented the first 40 hours that Perez worked.

86. During weeks where Perez preformed deliveryman duties, he was compensated with a small amount of tips, paid to him as part of his weekly paycheck.

**Defendants' Practices Regarding the**
**Wages and Hours of Other Employees**

87. Other Laborers, including dishwashers, bussers, prep cooks, cooks, and deliverymen were paid in a manner similar to Perez.

88. Laborers at Defendants worked six days per week for the majority of the year.

89. However, in the winter months, The Caffe Buon Gusto Restaurants were not as busy. As a result, some of the Laborers worked 5 days a week during those months.

90. The pay of Laborers who worked at The Caffe Buon Gusto Restaurants was not inclusive of overtime. Rather, Defendants only paid the Laborers for the first 40 hours they worked.

91. Laborers' pay did not satisfy relevant minimum wage laws for work performed after 40 hours. This is because Defendants only paid the Laborers for the first 40 hours they worked.

92. Defendants interchangeably used Laborers at The Caffee Buon Gusto Restaurants Manhattan and Brooklyn locations.

93. For example, if a dishwasher at The Caffe Buon Gusto Restaurants' Manhattan location called out of work due to illness, Defendants would send a dishwasher from the Brooklyn location to replace the worker.

94. Defendants did not require Laborers at The Caffe Buon Gusto Restaurants to "clock in" or "clock out" or use any formal time keeping system to accurately monitor their hours.

## FLSA COLLECTIVE ACTION ALLEGATIONS

95. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated Laborers who are current and former employees of The Caffe Buon Gusto Restaurants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

96. The FLSA Collective Plaintiffs consist of more than 50 similarly situated current and former employees of Defendants, who have been victims of Defendants' policies and practices that have violated their rights under the FLSA, by *inter alia,* willfully denying them minimum wages and overtime wages.

97. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective Plaintiffs.

98. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to:

    (a)    failing to pay employees the applicable minimum wage rate for all time worked after 40 hours per week;

    (b)    failing to pay employees, including Plaintiffs and the FLSA Collective Plaintiffs, the appropriate premium overtime wages for hours worked in excess of 40 hours per workweek; and

(c)     failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective Plaintiffs, have worked for the benefit of Defendants.

99. Defendants' unlawful conduct, as described in this Complaint, is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate Plaintiff and the FLSA Collective Plaintiffs for the hours and overtime hours worked.

100. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs minimum wage and overtime premiums for hours worked in excess of 40 per workweek.

101. Plaintiff and the FLSA Collective Plaintiffs perform or performed the same primary duties and were subject to the same policies and practices by Defendants.

102. Defendants' unlawful conduct is widespread, repeated and consistent.

103. There are many similarly situated current and former non-exempt workers who have been denied overtime wages and minimum wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216(b).

104. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

105. **Proposed Class.**  The proposed class comprises all individuals who worked for Defendants as Laborers during the applicable period.

106. All class members were not paid correctly in accordance with the NYLL.

107. All class members were not provided with wage notices and wage statements as required by the NYLL.

108. These class members worked more than 40 hours per week for Defendants. The class members, though, were not paid overtime in compliance with the NYLL in that they were not paid time and one half for all work performed after 40 hours.

109. Class members were also not paid spread of hours pay in accordance with the NYLL.

110. The Laborers were also not paid minimum wage in compliance with the NYLL for all work performed after 40 hours each week.

111. **Ascertainability.** The identity of all class members is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure. To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish language newspaper and radio announcements, workplace postings, and other alternative means of notice designed to reach this class of transient, non-English speaking restaurant workers. Many class members are no longer employed by Defendants, cannot be reached at the last known address in Defendants' records, and do not have access to traditional English-speaking media.

112. **Numerosity.** The size of the class makes a class action both necessary and efficient. The size of the class consists of more than 50 employees. The class is so numerous that joinder is impracticable.

113. **Common Questions Of Law and Fact.** This case poses common questions of law and fact affecting the rights of all class members, including:

   a) Whether Defendants' policies and practices regarding payment of minimum wage compensation was compliant with the FLSA and NYLL;

   b) Whether Defendants' policies and practices regarding payment of overtime compensation was compliant with the FLSA and NYLL;

   c) Whether Defendants' policies and practices regarding payment of spread-of-hours compensation was compliant with the NYLL;

   d) Whether wage notifications provided by Defendants to Plaintiffs were compliant with the New York Wage Theft Prevention Act; and,

   e) Whether wage statements provided by Defendants to Plaintiffs were compliant with the New York Wage Theft Prevention Act.

114. **Typicality.** The claims of the individual Plaintiff are typical of the claims of the class as a whole. Defendants' unlawful wage policies and practices, which have operated to deny Plaintiff the overtime, minimum wage and spread of hours compensation required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

115. **Adequacy of Class Representation.** The named Plaintiff can adequately and fairly represent the interests of the class as defined above, because his individual interests are consistent with, and not antagonistic to, the interests of the class.

116. **Propriety of Class Action Mechanism.** Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only

individual members of the class. The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants. For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

117. This action is properly maintainable as a class action under Federal Rules of Civil Procedure ("FRCP") 23(b)(2) and 23(b)(3).

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wages**
**(Brought on Behalf of Plaintiff and the FLSA Collective Plaintiffs)**

118. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

119. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

120. At all times relevant, Plaintiff and the FLSA Collective Plaintiffs were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203. At all relevant times, each Defendant has employed "employee[s]," including Plaintiff and the FLSA Collective Plaintiffs.

121. Defendants were required to pay directly to Plaintiff and the FLSA Collective Plaintiffs the applicable federal minimum wage rate for all hours worked.

122. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the minimum wages to which they are entitled under the FLSA.

123. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

124. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 28 U.S.C. §§ 201 *et seq.*

125. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**New York Labor Law—Failure to Pay Minimum Wage**
**(Brought on Behalf of Plaintiff and the Rule 23 Class)**

126. Plaintiff and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

127. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

128. At all times relevant, Plaintiff and the class have been employees of Defendants, and Defendants have been employers of Plaintiff and the class within the meaning

of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

129. At all times relevant, Plaintiff and the class were covered by the NYLL.

130. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and the class.

131. Defendants failed to pay Plaintiff and the similarly situated class of bussers, food runners and Laborers the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

132. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

133. Due to Defendants' willful violations of the NYLL, Plaintiff and the class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Fair Labor Standards Act-Overtime Wages**
**(Brought on Behalf of Plaintiff and the FLSA Collective Plaintiffs)**

134. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

135. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

136. Plaintiff and the FLSA Collective Plaintiffs worked in excess of forty hours throughout the relevant period.

137. Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

138. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

139. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

140. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## FOURTH CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

141. Plaintiff and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

142. At all times relevant to this action, Plaintiff and the class were employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

143. Defendants failed to pay Plaintiff and the class the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NYLL.

144. Defendants' failure to pay required overtime was willful.

145. As a result of Defendants' NYLL violations, Plaintiff and the class are entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

146. Plaintiff and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

147. Defendants willfully failed to supply Plaintiff and the class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the class in their primary language, containing Plaintiff's and the classes' rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

148. Through their knowing or intentional failure to provide Plaintiff and the class wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*.

149. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the class with wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**SIXTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**
**(Brought on Behalf of Plaintiff and the Rule 23 Class)**

150. Plaintiff and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

151. Defendants willfully failed to supply Plaintiff and the class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

152. Through their knowing or intentional failure to provide Plaintiff and the class with the wage statements required by the NYLL, Defendants willfully violated NYLL,

Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

153. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the class are entitled to statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff and the class with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### SEVENTH CAUSE OF ACTION
### New York Labor Law - Spread-of-Hours Pay
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

154. Plaintiff and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

155. Throughout their employment, Plaintiff and the class frequently worked more than ten hours in a workday.

156. Defendants willfully failed to compensate Plaintiff and the class with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

157. Through their knowing or intentional failure to pay Plaintiff and the class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

158. Due to Defendants' willful violations of the NYLL, Plaintiff and the class are entitled to recover from Defendants their unpaid spread-of-hour wages, liquidated

damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Cafe Buon Gusto Corp. d/b/a Caffe Buon Gusto, Safi-G Inc. d/b/a Caffe Buon Gusto and Nasser Ghorchian and Nicholas Mormando, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this case as a class action pursuant to Rule 23 of the FRCP;

(c) Designation of the named Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

(d) Damages for unpaid minimum wages in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(e) Damages for the unpaid minimum wages, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations, and interest, attorneys' fees, and the cost of the action;

(f) Damages for the unpaid overtime wages in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(g) Damages for unpaid overtime wages in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(h) Damages for unpaid spread-of-hours in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(i) Penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(j) Penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(k) For pre-judgment and post-judgment interest on the foregoing amounts;

(l) For the costs and disbursements of the action, including attorneys' fees; and

(m) For such other further and different relief as the Court deems just and proper.

Dated:  August 29, 2019
      New York, New York

Respectfully submitted,

**LAW OFFICES OF JACOB ARONAUER**

*/s/ Jacob Aronauer*
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

**LAW OFFICES OF VINCENT E. BAUER**

*/s Vincent E. Bauer*
Vincent Bauer
475 Madison Avenue, 17th Floor
New York, NY 10017
(212) 575-1517
vbauer@vbauerlaw.com

*Attorneys for Plaintiff*