UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
PEDRO PEREZ,                                              :
                                                          :     **SUMMARY ORDER**
                                          Plaintiff,      :     19-cv-04936 (DLI) (SJB)
                                                          :
            -against-                                     :
                                                          :
CAFÉ BUON GUSTO CORP., SAFI-G, INC.,:
NASSER GHORCHIAN, and NICHOLAS:
MORMANDO,                                                 :
                                                          :
                                          Defendants.     :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On April 5, 2022, Defendants Café Buon Gusto Corp., Safi-G, Inc., and Nasser Ghorchian (collectively, "Defendants"), moved for reconsideration of this Court's Memorandum and Order ("M&O") issued on March 22, 2022 reopening and restoring this case (*See,* M&O, Dkt. Entry No. 31) or, in the alternative, for leave to file a motion for summary judgment. *See,* Defs.' Mot. for Reconsideration or SJ ("Defs.' Mot."), Dkt. Entry No. 32. Plaintiff opposed the motion. *See*, Mem. in Opp'n ("Pl's Opp'n"), Dkt. Entry No. 36. Defendants did not reply.[1]

On April 20, 2022, Plaintiffs moved to amend the complaint. *See,* Dkt. Entry No. 35. On April 27, 2022, Defendants filed a letter apprising the Court, *inter alia,* that the parties had "reached a resolution of their respective motions before the Court." *See*, Defs.' Resolution Letter, Dkt. Entry No. 38. Specifically, Defendants claim that Plaintiff agreed to file a revised proposed amended complaint that would resolve the concerns raised by Defendants in their reconsideration motion and Defendants would withdraw their reconsideration motion if Plaintiff filed the revised

---

[1] Instead of filing a proper reply after Plaintiff responded, even though the briefing schedule provided for one, Defendants inappropriately and without leave of the Court filed a supplement to their motion on April 11, 2022, which was stricken summarily by the Court. *See,* Def.s' Suppl. Letter, Dkt. Entry No. 34, and Electronic Order dated April 12, 2022.

proposed amended complaint. *Id.* On April 27, 2022, Plaintiff, in a two-sentence letter, moved before the magistrate judge to withdraw his motion to amend without prejudice because he wanted to provide a revised proposed amended complaint. *See,* Pl. Withdrawal Mot., Dkt. Entry No. 39. The magistrate judge granted the motion by Electronic Order issued on April 28, 2022.

For the reasons set forth below, Defendants' motion for reconsideration is denied and the motion for leave to move for summary judgment is denied without prejudice.

## DISCUSSION

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Typical grounds for reconsideration include "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Defendants' motion for reconsideration is denied because Defendants have failed to meet the required standard. Defendants have not pointed to any pertinent facts or legal authority that the Court overlooked, nor have they pointed to any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.*

Instead, Defendants relitigate the same issues considered and addressed by the Court because they do not agree with the outcome.

Defendants argue the Court overlooked their argument that the complaint in this case was not identical to the complaint filed in arbitration. *See*, Defs.' Mot. at 2. This "argument," which consisted of one paragraph and was not supported by any case law or analysis, was not material to Plaintiff's motion to reopen the case and did not affect the outcome whatsoever. The decision to reopen this case was made pursuant to Fed. R. Civ. P. 60(b)(6) based on Defendants' egregious violation of its own arbitration agreement with Plaintiff, which conduct resulted in extraordinary circumstances and the potential of extreme hardship on Plaintiff. *See generally*, M&O. Defendants' reconsideration arguments are nothing more than a rehashing of arguments raised in the initial opposition to Plaintiff's motion to reopen that were considered by the Court. They do not point to any change in controlling law or the availability of new evidence that would warrant the Court to alter its original decision. Accordingly, Defendants' motion for reconsideration is denied.

Defendants alternatively request leave to file a motion for summary judgment claiming "[they] could not have contemplated that litigation on these issues would be required and as such, did not have the opportunity to file such a motion in the Arbitration." Defs.' Mot at 3. The disingenuousness of this contention is stark, particularly since the arbitration was not brought to a conclusion due to Defendants' egregious conduct. Most notably, however, the procedural posture of this request is infirm and leave to file a summary judgment motion is denied without prejudice.

This case was reopened and restored to the status quo *ante.* A review of the history of this case shows that, prior to proceeding to arbitration, Defendants never answered the original complaint. Defendants requested an extension until November 4, 2019 to respond to the complaint

3

(*See,* Def.s' Letter re: Extension to Respond to Complaint, Dkt. Entry No. 18), which request was granted by the magistrate judge by Electronic Order on September 24, 2019. Before the deadline for Defendants to answer the complaint had expired, on October 10, 2019, Plaintiff moved to withdraw the lawsuit without prejudice premised on the parties' agreement to arbitrate any employment disputes. *See,* Plaintiff's First Mot. to Withdraw, Dkt. Entry No. 19. By Electronic Order issued on October 30, 2019, this Court denied the motion without prejudice to refile upon certifying under penalty of perjury that the parties indeed did intend to proceed to arbitration and that the parties had not settled the case. Plaintiff renewed the motion to withdraw with the requisite declaration on November 1, 2019. *See,* Dkt. Entry No. 20. This Court granted Plaintiff's motion by Electronic Order issued on December 10, 2019 and the parties proceeded to arbitration, which never was concluded due to Defendant's conduct.

This case was reopened on March 22, 2022. Instead of answering or otherwise moving against the complaint, Defendants filed the instant motion for reconsideration of this Court's M&O reopening the case or for leave to file a summary judgment motion. As the motion for reconsideration has been denied, the proper next step for Defendants in this case is to answer or move against the complaint. This Court does not require parties to seek leave of the Court to file such a motion. *See,* Judge Irizarry's Individual Motion Practice and Rules for Civil Cases, Section IV(A)(1)(a). To the extent that Plaintiff wishes to file a proposed "revised" amended complaint, Plaintiff shall do so by no later than May 27, 2022. In the meantime, Defendants' time to answer or otherwise move against the complaint, as it exists currently, shall be governed by Federal Rule of Civil Procedure 12 and the local and individual rules of this Court.

## **CONCLUSION**

For the reasons set forth above, Defendants' motion for reconsideration is denied in its entirety and the request for leave to move for summary judgment is denied without prejudice. To the extent that Plaintiff wishes to file a proposed "revised" amended complaint, Plaintiff shall do so by no later than May 27, 2022. In the meantime, Defendants' time to answer or otherwise move against the complaint, as it exists currently, shall be governed by Federal Rule of Civil Procedure 12, and the local and individual rules of this Court.

SO ORDERED.

Dated: Brooklyn, New York
         May 9, 2022

/s/
DORA L. IRIZARRY
United States District Judge